The opinion of the court was delivered by
White, J.
On the 14th of April, 1874, plaintiff leased to the Police Jury, Bight Bank, parish Jefferson, a certain portion of ground, with the *180 buildings thereon, for the terna of five years, the stipulated rent being as follows: Five hundred dollars for the first year, one thousand for the second and third years, and twelve hundred dollars per annum for .the fourth and fifth. The lease purports to have been made under two-resolutions of the Police J ury, the one asking for proposals for leasing property to be used in establishing a court-house, the other accepting the proposal of plaintiff. The present suit, filed on the 14th Nov., 1877, is to enforce the lease thus made, to recover the sum of thirty-four hundred dollars ($3400) rent due and to become due under the lease.
The Police Jury make the following defense :
First. That the buildings were used for a court-house and parish offices, and were therefore a common parochial expenditure, they owing only their pro rata, and the “ Police J ury, Left Bank,” the remainder.
Second. That the lease created a debt or expenditure without making provision for its payment, and is therefore null.
1. The view we have taken of the second defense renders an examination of the first.unnecessary.
2. The lease was undoubtedly the creation of a debt, and we can find nothing, either in the resolutions calling for proposals and accepting that of plaintiff or in the lease itself, indicating in any way the making of provision for the debt thus created. The terms of the law are unambiguous: “The police juries of the several parishes and the constituted authorities of incorporated towns and cities in this State shall not hereafter have power to contract any debt or pecuniary liability, without providing in the ordinance creating the debt the means of paying the principal and interest of the debt so created.” R. S. 2786.
This provision has been uniformly enforced. Benham vs. Parish of Carroll, 28 A. 343 ; Smith vs. Parish of Madison, 30 A. 461.
The case is sought to be removed from the operation of the statute by contending that under the second section of Act No. 71 of 1874 the-Police Jury, Right Bank, were authorized to establish a court-house. But it is obvious that the mere delegation of a power does not delegate-the right to the exercise of the power in violation of a general and mandatory law. To establish imports to establish according to law. It is an elementary canon of construction that a special does not repeal a general law unless irreconcilably inconsistent, and we see no possible-inconsistency between the power to do and the obligation so to do in the-manner pointed out by law, and this reasoning meets also the argument-drawn from the general powers given to police juries to provide courthouses. R. S. 2746. The two provisions must be construed together. It is contended that the expense herein was necessary. Grant that it was; the mere necessary nature of the expenditure could not dispense from the necessary duty of providing according to law. The argument,' *181 If argument it be, that because the Police Jury occupied the premises they ought to be condemned, however equitable, would not .justify us in disregarding the law. It more justly addresses itself to the conscience of the Police Jury to provoke under a quantum meruit legal provision lor what they may so in conscience owe.
The judgment of the lower court was in favor of plaintiff. We think it erroneous. It is therefore reversed, and the suit of plaintiff dismissed at her cost.